# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | | |
|---|---|---|
| **SAYEL GHABAYEN** | * | **CIVIL ACTION NO. 06-0545** |
| **VERSUS** | * | **JUDGE JAMES** |
| **ALBERTO GONZALES, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is Sayel Ghabayen's ("Ghabayen") *pro se* Petition for Writ of *Habeas Corpus* (28 U.S.C. § 2241) (Doc. No. 1) filed on March 29, 2006. When he filed his petition, Ghabayen was in the custody of the Department of Homeland Security/Bureau of Immigration Customs Enforcement (DHS/BICE). He was detained at the Tensas Parish Detention Center, Waterproof, Louisiana. For reasons stated below, it is recommended that Ghabayen's petition be **DISMISSED WITHOUT PREJUDICE** as **MOOT**.

## STATEMENT OF THE CASE

Ghabayen's claim is limited solely to a challenge to his continued detention pending removal under *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). The government was served and on May 22, 2006, filed a response to Ghabayen's petition. (Doc. No. 8). After reviewing the pleadings, the Court, on June 22, 2006, ordered an evidentiary hearing to determine whether Ghabayen's removal was likely in the reasonably foreseeable future. On July 20, 2006, the government filed a supplemental response notifying the Court that Ghabayen had been released under an order of supervision and requested dismissal of his petition as moot. (Doc. No. 13).

## LAW AND ANALYSIS

The undisputed evidence before the court establishes that Ghabayen is no longer being detained by the Government. Furthermore, there is no evidence that the order of supervision under which he was released entails any collateral consequences that would prevent dismissal of

Ghabayen's petition.

Therefore, **IT IS RECOMMENDED** that the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITHOUT PREJUDICE** AS **MOOT**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 24th day of July, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE